UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Crim. No.: 4:08-cr-00748-RBH-1 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Myron Jawan Spain, a/k/a Murder, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's amended motion to reduce sentence under United States Sentencing Guidelines Amendment 782 [ECF #178]. The Government has consented to the motion.

On January 22, 2009, Defendant was sentenced to a 168 month term of imprisonment for participation in a drug conspiracy (84 months) and possessing a firearm in furtherance of a drug trafficking crime (84 months). On December 15, 2010, the Court reduced Defendant's sentence to 100 months (50 months for drug conspiracy and 50 months consecutive for firearms charge) under Fed. R. Crim. P. 35(b) based on Defendant's substantial assistance to the Government.

Defendant's motion to reduce under Amendment 782 seeks a reduction to 92 months imprisonment (42 months for drug conspiracy and 50 months for firearms charge).

Title 18 U.S.C. § 3582(c)(2) provides that when a defendant's sentencing range has been lowered by the Sentencing Commission under the Guidelines pursuant to 28 U.S.C. § 994(u), the court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and if such a reduction is consistent with the applicable policy statements of the Sentencing Commission.

Section 3553(a) of Title 18 provides:

> The court, in determining the particular sentence to be imposed, shall consider–
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
>    . . .

18 U.S.C. § 3553(a).

Even if a defendant is eligible to receive a reduction under § 3582, such a reduction is not automatic and is in the court's discretion. The court is required to look at the sentencing factors outlined in 18 U.S.C. § 3553(a) to determine if a reduction is warranted. The court is also authorized to review the defendant's pre-sentencing and post-sentencing conduct to determine if the reduction is appropriate and if society will be endangered by the defendant's early release. *See* U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B)(iii) (U.S. Sentencing Comm'n 2014).

After considering Defendant's actions while incarcerated and applying the relevant factors from 18 U.S.C. § 3553(a), the Court finds that a reduction of sentence under Amendment 782 is not warranted. Defendant's numerous infractions while incarcerated indicate that Defendant has a lack of respect for the law and remains undeterred from engaging in criminal conduct. In order to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the Defendant, the Court, in its discretion, declines to reduce Defendant's

sentence under Amendment 782.  Accordingly, Defendant's amended motion to reduce sentence under United States Sentencing Guidelines Amendment 782 [ECF #178] is DENIED.

    IT IS SO ORDERED.

September 3, 2015                              s/ R. Bryan Harwell
Florence, South Carolina                R. Bryan Harwell
                                              United States District Judge